## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  17-110 (CRC)** |
| | : | |
| **v.** | : | |
| | : | |
| **SHAN SHI, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S MEMORANDUM OF LAW REGARDING
### APPLICABLE PROCEDURES FOR FORFEITURE PHASE OF TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully provides this memorandum of law regarding the forfeiture phase of the trial.

## I.  INTRODUCTION

Forfeiture is mandatory in all cases where a criminal forfeiture statute applies.  *See United States v. Monsanto*, 491 U.S. 600, 607 (1989).  "Criminal forfeiture is not an independent substantive offense, nor is it even an element of an offense.  It is instead 'an aspect of punishment imposed following conviction of a substantive criminal offense.'"  *United States v. Day*, 416 F. Supp. 2d 79, 84 (D.D.C. 2006) (quoting *Libretti v. United States*, 516 U.S. 29, 39 (U.S. 1995)), *aff'd in part on other grounds and rev'd in part on other gr*ounds, 524 F.3d 1361 (D.C. Cir. 2008).  Criminal forfeiture may take the form of:  (1) an *in personam* money judgment against the defendant; (2) forfeiture of specific assets; and (3) forfeiture of "substitute assets" if the directly forfeitable assets are unavailable.  *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 5-6 (1st Cir. 2011).  Federal Rule of Criminal Procedure 32.2 governs criminal forfeitures.

## II.  FORFEITURE ALLEGATION

Rule 32.2(a) provides that a court cannot order the forfeiture of property "unless the indictment contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."  Fed. R. Crim. P. 32.2(a).  "The essential purpose of notice is to inform the defendant that the government seeks forfeiture so the defendant can marshal evidence in his defense."  *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) (internal quotations and citation omitted).  An indictment "need not identify the [specific] property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks."  Fed. R. Crim. P. 32.2(a); *see also United States v. DeFries*, 129 F.3d 1293, 1315 n.17 (D.C. Cir. 1997) (holding that government is not required to list all forfeitable interests in indictment, as long as indictment states that government will seek to forfeit all property acquired in violation of the applicable statute).  There is also no requirement "that the indictment specify what property will be sought as substitute assets."  *United States v. Hatcher*, 323 F.3d 666, 673 (8th Cir. 2003).  Here, the Superseding Indictment included a forfeiture allegation that provided notice to the defendant that the government would seek criminal forfeiture.  *See* ECF No. 110, at 29-31.

### A.      Forfeiture Money Judgment

The Superseding Indictment in this matter includes a forfeiture allegation that provides notice to the defendant that the government will seek criminal forfeiture pursuant to separate statutory provisions.  The first paragraph of the forfeiture allegation is pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2323 and Title 28, United States Code, Section 2461(c), and seeks a money judgment based on such authorities.  The second paragraph of the forfeiture

allegation is pursuant to Title 18, United States Code, Section 982(a)(1), and seeks a money judgment based on such authority.

### B.      Forfeiture of Specific Properties

The Superseding Indictment also provided notice to the defendant that the government would seek the forfeiture of the following four items of specific property:

a) real property located at 7 Buckingham Court, Houston, Texas, with all appurtenances, improvements, and attachments thereon, and is more fully described as: Lot 7, of Buckingham Court, a subdivision in Harris County, Texas, according to the map and plat thereof, recorded in Film Code No. 347064 of the map records of Harris County, Texas;

b) real property located at 13601 Farm To Market 529, Houston, Texas, with all appurtenances, improvements, and attachments thereon, and is more fully described as – a tract of land containing 2.5727 acres of land (112,067 sq.ft.) out of the Charles Scarbrough survey, Abstract No. 718, being a portion of a 4.000 acre tract of land as recorded under Harris County Clerk's file No. (CCFN) 20100135228 of the official public records of Harris County, Texas;

c) any and all funds in Bank of America account 586035464818;

d) any and all funds in Bank of America account 586033253050; and

e) any and all funds in Bank of America account 586033316528.

## III.  FORFEITURE PHASE OF TRIAL

### A.  Bifurcated Proceedings

Rule 32.2(b) governs the trial procedures for criminal forfeitures.  Rule 32.2(b)(1)(A) provides that the court must determine what property is subject to forfeiture as soon as practical after a finding of guilt on any count for which forfeiture is sought.  "If the forfeiture is contested,

on either party's request the court must conduct a hearing *after* the verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(1)(B) (emphasis added).  "Decisions relating to forfeiture are matters of sentencing, and are thus separate from the determination of guilt." *United States v. Hill*, 177 F.3d 1251, 1253 (11th Cir. 1999).  "Bifurcating the determinations of guilt and forfeiture ensures that the jury is neither distracted nor influenced by considerations of the defendants' potential punishment." *United States v. Dolney*, No. 04-CR-159 (NGG), 2005 WL 1076269, at *10 (E.D.N.Y. May 3, 2005).

At the forfeiture hearing, the Government's burden is to establish forfeitablity by a preponderance of the evidence.  *See DeFries*, 129 F.3d at 1312-13 (citing *Libretti*, 516 U.S. at 38-39) (holding that "[t]he government must prove its forfeiture allegations by a preponderance of the evidence," because criminal forfeiture is an aspect of sentencing); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (same).  Since criminal forfeiture is part of sentencing, the Federal Rules of Evidence do not apply at the forfeiture hearing.  *United States v. Smith*, 770 F.3d 628, 641 (7th Cir. 2014).  Any evidence that is "relevant and reliable" may be used.  Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) ("[T]he evidence need only be reliable").  Thus, the Court may consider any reliable hearsay for purposes of the forfeiture determination.  *See, e.g.*, *Smith*, 770 F.3d at 641 (allowing the defendant's statements during plea negotiations); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005) (allowing the case agent's affidavit); *United States v. Hatfield*, 795 F. Supp. 2d 219, 229-30 (E.D.N.Y. 2011) (allowing expert testimony not qualified under *Daubert*).

The Court may also rely on any evidence introduced during the "guilt phase" of the trial, as well as any additional evidence submitted during the forfeiture hearing.  Fed. R. Crim. P. 32.2(b)(1)(B) (forfeiture determination "may be based on evidence already in the record . . . and

on any additional evidence or information" submitted during forfeiture phase); *see also, e.g.*, *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (rejecting argument that government must "reintroduce at a post-trial hearing potentially large portions of its case from the guilt phase of the defendant's trial to a judge or jury that has already seen and considered the relevant evidence" as "unnecessary and burdensome").   Commonly, the evidence presented during trial overlaps with the evidence needed to prove forfeiture.   As such, the forfeiture component of the bifurcated trial may be, and often is, very short.

### B.  Forfeiture Determination

There is no constitutional right to a trial by jury on forfeiture issues.  *See Libretti*, 516 U.S. at 48-49 (explaining that criminal forfeiture is a part of sentencing, and therefore, it "does not fall within the Sixth Amendment's constitutional protection").   The right to a jury determination only exists as codified in Rule 32.2.  *United States v. Neal*, No. 03-35, 2003 WL 24307070, at *3 n. 2 (E.D. Va. Sept. 29, 2003) (noting the right of the defendant to have a jury determine the forfeitability of property is "merely a statutory right").   Rule 32.2 provides that the court must determine the money judgment amount, forfeitability of specific property, and forfeitability of substitute property.   Fed. R. Crim. P. 32(b)(1)(A) and 32.2(e).   However, Rule 32.2(b)(5)(A) entitles either party to request a jury determination on the forfeitability of specific property.

### 1.      The judge determines the amount of the money judgment

Because the government is asking for a forfeiture money judgment in this case, at the forfeiture hearing, "the court must determine the amount of money that the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Curbelo*, 726 F.3d 1260, 1277 (11th Cir. 2013) ("The rule says nothing about a jury determining the amount of a money judgment.").   The jury is not permitted to determine the forfeiture money judgement.  *See*, *e.g.*,

*United States v. Ponzo*, 853 F.3d 558, 589 (1st Cir. 2017) (collecting cases and joining all other circuits in holding that there is no right to a jury determination of the amount of the money judgment under Rule 32.2(b)(5)); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2(b)(4) is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment).  Here, the government will seek a forfeiture money judgment, which will be determined by the Court based upon any evidence provided in the guilt and/or forfeiture phases of the trial.

        **2.**        **The judge or the jury determines the forfeitability of specific property**

When the government seeks forfeiture of specific property, Rule 32.2(b)(1)(A) states, "the court must determine whether the government has established the requisite nexus between the property and the offense."  Nonetheless, Rule 32.2(b)(5) also permits a jury to make this determination, if "either party requests that the jury be retained."  "The inquiry into the *nexus* between the property and the offense is the same regardless of whether the judge or the jury is the factfinder."  *Neal*, 2003 WL 24307070, at *6 (emphasis added); *see also* Fed. R. Crim. P. 32(b)(5)(B) (reciting the same nexus language as in Rule 32.2(b)(1)(A)); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (noting that the jury's determination is limited to whether the government has established the requisite nexus between the specific property and the offense). The court must determine, prior to jury deliberations in the guilt phase of the trial, whether either party seeks to have the jury make such a determination.  Fed. R. Crim. P. 32.2(b)(5).  Here, the government seeks forfeiture of the specific property identified above.  The Court must therefore, ask both parties whether they would like to retain the jury to determine whether the government has established the requisite nexus between these properties and the offense.  The United States is

**not** requesting that the jury be retained to determine the forfeitability of the specific property. The government requests that the Court ask the defendant, prior to the beginning of jury deliberation, whether he seeks to have the jury determine the forfeitability of the specific property identified above.

### 3.    The judge determines forfeitability of substitute assets

If the government shows that substitute property is subject to forfeiture, the "court must enter an order" forfeiting it. Fed. R. Crim. P. 32.2(e)(2)(A); *see also* 21 U.S.C. § 853(p) (listing the circumstances in which substitute property is subject to forfeiture). The jury has no role in any determination related to substitute assets. *See United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) ("The forfeiture of substitute assets is a matter left solely to the court."); *see also United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006) ("[A]n order authorizing forfeiture of substitute assets pursuant to § 853(p) does not require a jury determination because it does not at all increase the amount of forfeiture.") (emphasis removed). In this case, the government will credit the net proceeds it realizes from the disposition of any specific property forfeited to the defendant's money judgment. However, the government may seek other assets belonging to the defendant as substitute assets to satisfy any remaining portion of the money judgment imposed by this Court.

### C.  Preliminary Order of Forfeiture

"If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture." Fed. R. Crim. P. 32.2(b)(2)(A). A preliminary order can include "the amount of any money judgment" and "direct[] the forfeiture of specific property." *Id.* The preliminary order can also "direct[] the forfeiture of any substitute property if the government has met the statutory criteria." *Id.* "Unless doing so is impractical, the court must enter the preliminary order

sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final." *Id.* 32.2(b)(2)(B).   Courts have interpreted this provision to require entry of a preliminary order of forfeiture prior to sentencing.  *See United States v. Schwartz*, Nos. 10-3773, 11-3523, 2012 WL 5359258 (6th Cir. Nov. 1, 2012) (unpublished) (holding that the court should enter a preliminary order unless impractical to do so).

The court must enter the preliminary order of forfeiture "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A); *see also United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (when issuing a preliminary order of forfeiture, "the court does not—and, indeed, may not—determine the rights of any third parties who assert an interest in the property").

A third party may not contest the money judgment, because "'[a] money judgment is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest.'" *Zorrilla-Echevarria*, 671 F.3d at 6 (quoting Fed. R. Crim. P. 32.2 advisory committee's notes on the 2000 Adoption).  As such, Rule 32.2(c) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

However, a third party may contest the forfeiture of specific property.  This occurs in a separate ancillary proceeding. Fed. R. Crim. P. 32.2(b)(2)(A) ("Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).").

## IV.  CONCLUSION

The government seeks a forfeiture money judgment and the forfeiture of five specific properties in this case.  As soon as practical after a finding of guilt on any count for which forfeiture is sought, the court must adjudicate these forfeiture questions.  Upon a finding of forfeitability for

the specific properties identified above, the government will notice "any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." Rule 32.2(b)(6)(A). If a third party files a claim, "the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent the forfeiture consists of a money judgment." Rule 32.2(c)(1).

<div style="margin-left: 40%">

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: _____/s/_____
Jeff Pearlman
D.C. Bar No. 466-901
Luke Jones
Virginia Bar No. 75053
Assistant U.S. Attorneys
W. Joss Nichols
D.C. Bar No. 1001126
Special Assistant U.S. Attorney
United States Attorney's Office
555 Fourth St., NW
Washington, D.C. 20001
202-252-7228 (Jones)
202-252-7680 (Pearlman)
202-252-1717 (Nichols)
Jeffrey.pearlman@usdoj.gov
Luke.jones@usdoj.gov
joss.nichols@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a copy of the foregoing Motion was sent via ECF court filing system to parties of record.

_____/s/_____
JOSS NICHOLS
Special Assistant U.S. Attorney