UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 17-cr-110 (CRC) |
| | : | |
| SHAN SHI | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**EXPEDITED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The government respectfully submits this opposition to defendant's motion for early termination of supervised release, or, in the alternative, permission to travel to China for a period of six months to pursue work in the energy sector on behalf of a Chinese company.  ECF 392.

The defendant, Dr. Shan Shi, was found guilty of conspiracy to steal trade secrets relating to buoyancy technology used in offshore drilling.  At sentencing, this Court found by a preponderance of the evidence that the defendant intended to transfer the stolen information to China and intended that the transfer would benefit a Chinese government instrumentality.  ECF 338 at 30-32 (Feb 10, 2020 transcript).  Now, with only slightly more than one half of the defendant's term of supervised release having elapsed, the defendant seeks early termination of that supervised release so that he can travel to China to work on offshore energy projects with a Chinese energy company.

In light of the underlying facts in this case, as well as the length of time remaining on the supervised release term, and notwithstanding the defendant's compliance with the standard conditions of supervised release, the government submits that the defendant's conduct and the interest of justice do not warrant termination of supervised release or permission to travel as proposed by the defendant.  18 U.S.C. § 3583(e) (permitting termination of supervised release if

warranted by defendant's conduct and the interest of justice).

*Background*

In February 2020, following the defendant's conviction by a jury, the Court sentenced the defendant to a term of 16 months in prison and 24 months of supervised release. In September of the same year, however, the Court granted the defendant's motion for compassionate release that was based in part on the Covid-19 pandemic. The Court then imposed a term of 30 months of supervised release, including six months of home detention. ECF 383. The defendant has served approximately 17 months of that 30-month term, which expires March 15, 2023.

On January 26, 2022, the government was informed by the U.S. Probation Office in this district that the probation officer supervising the defendant in the Southern District of Texas had requested to either allow the defendant to travel to China for work purposes for six months or terminate his supervised release. The government was provided the defendant's written request, dated December 10, 2021, which is attached to defendant's motion at ECF 392-1. On January 30, 2022, after consulting with other components with the Department of Justice and the Federal Bureau of Investigation, the government advised the Probation Office in this district that it opposed the request, and, on February 6, 2022, advised defendant's counsel of the basis for its opposition. Thereafter, on February 9, 2022, the defendant filed the instant motion.

*Legal Standard*

Under 18 U.S.C. § 3583(e), a court may terminate a term of supervised release at any time after the expiration of one year of that term, if the court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. In evaluating a motion for early termination of supervised release, the Court must consider the following seven factors from § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and

characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (authorizing modification of supervised release after considering the factors set forth in § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7))); *see also United States v. Harris*, 258 F.Supp.3d 137, 142–43 (D.D.C. 2017).

*Argument*

Contrary to defendant's claim (at 1), the government has not ignored the relevant factors in assessing whether early termination is appropriate, and the government certainly recognizes that some factors weigh in the defendant's favor. The government submits that, upon consideration of the relevant factors, in particular the nature and circumstances of the offense and the deterrence of criminal conduct, termination of supervised release is not warranted, and neither is the requested permission to travel. Indeed, the defendant's proposed travel to China for six months to work on offshore energy projects is particularly concerning to the government in light of the underlying offense in this case. To be clear, the government is not alleging that the defendant has re-offended. Nonetheless, as to the first § 3553(a) factor (nature and circumstances of the offense), the defendant was convicted of a serious offense—conspiracy to commit theft of trade secrets. The seriousness of that offense was reflected in the advisory guidelines range of 78 to 97 months of incarceration, from which the court applied a variance to a 16-month sentence, which was then further reduced due to the compassionate release order.

Notably, in calculating the guidelines range, the Court applied enhancements based on its

determination that the defendant intended to transfer the stolen information to China and that the defendant knew and intended that the theft would benefit a Chinese government instrumentality. ECF 338 at 30-32. In reaching these conclusions, the Court cited the defendant's Thousand Talents Program application. *Id.* at 31. As the Court explained, "there is no other way to read that application than as offering Dr. Shi's expertise and know-how, including the manufacturing and testing processes that CBMI derived or at least accelerated from Trelleborg's trade secrets, to help the Chinese government achieve its economic goals." *Id.* The defendant "clearly indicated that he wanted to further the PRC's ocean power strategy." *Id.* These were among the facts the Court considered in fashioning the defendant's sentence, and appropriately so. Terminating supervision so that the defendant can travel to China for six months to work on offshore energy projects would appear to run counter to those considerations.

Furthermore, the government submits that these considerations—specifically, the defendant's prior stated desire with respect to China and its goals, and the defendant's prior willingness to commit criminal offenses in pursuit of that desire—are not ones that the U.S. Probation office was well-positioned to assess or did assess, and U.S. Probation's support of defendant's request should be considered in light of that.[1]

Arguing for termination, the defendant (at 7) points to the Court's opinion and indicative ruling regarding the defendant's motion for compassionate release (ECF 380), asserting that the Court's reasoning in granting that motion supports the relief here. But as the Court explained in its ruling, its refashioning of the sentence in this case was due to the Covid-19 pandemic and the

---

[1] The defendant describes and attaches records of his earlier correspondence with U.S. Probation regarding his request to travel and for early termination. As noted above, the government did not learn of these requests until January 26, 2022, after which it communicated its position to Probation and the defendant. Had the government known of the defendant's request sooner, it would have communicated its position to Probation and the defendant sooner.

resulting "unexpected severity of Dr. Shi's prison experience." ECF 380 at 11. Nothing unexpected has happened here in connection with defendant's supervised release. To be sure, as the defendant notes (at 7-8), the Court determined that it was "extremely unlikely that [the defendant] would reoffend," but the Court took that into account in fashioning the initial sentence, which included a significant downward variance, and in refashioning the sentence when it granted the compassionate release motion. *See* ECF 380 at 9. Those findings do not compel the relief sought here, where they have previously been accounted for and there is still more than one year left on the defendant's term of supervised release. Early termination cuts against the value of general deterrence that is served by enforcing the sentence imposed, including the term of supervised release.

The defendant is also mistaken (at 1) in asserting that the government "seeks to enhance Dr. Shi's sentence by effectively imposing a new punishment: Dr. Shi should be prohibited from supporting his family by working in offshore energy projects completely unrelated to his offense of conviction." Not so. The government sees no benefit in precluding the defendant from pursuing employment and supporting his family, but it is hardly the case that the offshore energy projects the defendant seeks to pursue in China over the course of six months are "completely unrelated" to his offense of conviction, and this raises legitimate concerns that weigh against termination. Particularly in light of the nature and circumstances of the underlying offense and the need to deter such offenses generally, the Court should decline to terminate the defendant's supervision or to permit the proposed travel.

                    Respectfully submitted,

                    MATTHEW M. GRAVES  
                    United States Attorney  
                    DC Bar No. 481052

By:    */s/ Luke M. Jones*  
        LUKE M. JONES, VA Bar No. 75053  
        Assistant United States Attorneys  
        555 4th Street, N.W.  
        Washington, D.C. 20530  
        (202) 252-7066  
        Luke.Jones@usdoj.gov