UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Case No. 17-cr-110** |
| : | |
| **HUANG HUI,** : | |
| (a/k/a HUI HUANG) : | |
| **Defendant.** : | |

**MOTION TO DISMISS CHARGES PURSUANT TO RULE 48(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the charges against the defendant Huang Hui. This motion for dismissal does not apply to the charges against any other remaining defendant in this case.

Pursuant to Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment" or individual charges within an indictment. Fed. R. Crim. P. 48(a); *see also United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss an indictment over the defendant's objection. *Id.* (quoting *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15 (1977)).

Here, there is no objection from the defendant, and there is no evidence, allegation, or reason to suspect prosecutorial harassment.  Accordingly, the motion should be granted.

Respectfully submitted,

MATTHEW M. GRAVES
U.S. Attorney
D.C. Bar Number 481052

By: _/s/ Thomas N. Saunders_
Thomas N. Saunders
Assistant U.S. Attorney
N.Y. Bar Number 4876975
United States Attorney's Office
601 D Street, NW, 5th floor
Washington, D.C. 20530
(202) 252- 7790
Thomas.saunders@usdoj.gov